UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: <br><br> SILVER SPOON SALAD COMPANY, INC. <br><br> Debtor | ) ) ) ) ) ) ) | Chapter 7 <br> Case No. 10-44639-MSH |
| In re: <br><br> WEST LOWELL REALTY CORP. <br><br> Debtor | ) ) ) ) ) ) ) ) | Chapter 7 <br> Case No. 10-44641-MSH |

**MEMORANDUM OF DECISION ON FEE APPLICATIONS OF DEBTORS' COUNSELS AND MOTION OF CHAPTER 7 TRUSTEE OF WEST LOWELL REALTY CORP. TO DISGORGE TTORNEYS' FEES**

Before me are final fee applications by Daniel A. DeBruyckere, counsel to the debtor, Silver Spoon Salad Company, Inc., and Robert L. O'Brien, counsel to the debtor, West Lowell Realty Corporation, to which the respective chapter 7 trustee of each debtor's estate has objected. Also before me is the motion of the West Lowell chapter 7 trustee for an order requiring both Messrs. DeBruyckere and O'Brien to disgorge all fees paid to them by West Lowell. In his fee application Mr. DeBruyckere seeks allowance of fees and expenses totaling $31,623.20. Mr. O'Brien's fee application requests an award of $7,089.[1]

---

[1] The amount of fees Mr. DeBruyckere and Mr. O'Brien received from or on behalf of each debtor has been something of a moving target. Initially each debtor moved to employ both Mr. DeBruyckere and Mr. O'Brien as co-counsel. On October 5, 2010, Mr. DeBruyckere filed his

1

These affiliated debtors filed chapter 11 petitions commencing these cases on September 20, 2010. The cases were converted to chapter 7 on August 31, 2011. Janice Marsh was appointed chapter 7 trustee of the estate of Silver Spoon and David Nickless was appointed chapter 7 trustee of the estate of West Lowell.

The trustees' objections to the fee applications raise significant concerns including the

---

Disclosure of Attorney Compensation pursuant to Fed. R. Bankr. P. 2016 in both the West Lowell and Silver Spoon cases. In those statements, which are virtually identical, he stated that he had received $10,961 from the debtor with a notation that the retainer was for representation of both debtors. In his affidavits attached to the applications to employ him in each case, Mr. DeBruyckere represented on information and belief that the $5,461 he received from each debtor came from funds generated by each debtor prepetition. When I refused to allow each debtor to have two attorneys, Mr. DeBruyckere chose to represent Silver Spoon and Mr. O'Brien chose to represent West Lowell. In his affidavit attached to the amended application to employ him as counsel to Silver Spoon, Mr. DeBruyckere represented he had received a retainer of $7,000 from the debtor which he again on information and belief stated was generated by the debtor's prepetition income. Finally, on November 15, 2012 Mr. DeBruyckere filed an amended Rule 2016 statement in which he claimed to have received a retainer of $4,961 from Silver Spoon and stated, on information and belief, that the funds were paid by "Officers of the Corporation." An attachment to that statement indicates Mr. DeBruyckere's office received $12,000 on September 17, 2010. From that amount, his office provided Mr. O'Brien with two checks, both on September 20, 2010, one in the amount of $2,078, which a note indicates was for the filing fees for each chapter 11 case, and one in the amount of $4,961. On November 15, 2012, Mr. DeBruyckere also indicated in the amended Rule 2016 statement that the $4,961 his firm received was for prepetition legal services. This is the first indication that Mr. DeBruyckere's firm may have had an unpaid claim for prepetition services.

Mr. O'Brien did not originally file a Rule 2016 statement in either case although in his affidavits attached to the applications to employ him in each case, Mr. O'Brien stated he received a retainer of $5,461. On October 18, 2010 by way of his affidavit in the West Lowell case Mr. O'Brien stated his retainer was $2,922 for that case. Both affidavits indicate on information and belief that the debtor paid the retainer out of its own funds. On October 19, 2010, in what he denominated as the "2nd Amended Disclosure of Compensation of Attorney for Debtor(s)" which was filed in the West Lowell case, Mr. O'Brien represented that he had received a retainer of $5,000 from two named individuals believed to be insiders of the debtor. That disclosure does not indicate whether fees were to be split between the West Lowell and Silver Spoon cases. Finally, in his November 17, 2010 affidavit, Mr. O'Brien stated that he had received a $5,000 retainer in the West Lowell case which he stated was generated by the debtor's principals. On November 15, 2012, Mr. O'Brien filed a further amended Rule 2016 statement in the West Lowell case and in it represented he had received a retainer of $4,961 and the filing fee of $1,039. The sources of the funds were identified as two of the debtor's principals and the DeBruyckere Law Offices.

2

failure of the applicants to provide detailed time records as required by MLBR 2016-1, excessive billing for simple or routine tasks, failure to properly account for retainers received in connection with the cases and the source of those retainers, incomplete, inconsistent or inaccurate disclosures of such retainers, and billing for services rendered after conversion of the cases to chapter 7. In his motion to disgorge Mr. Nickless raises the additional claim that both counsel failed to properly disclose, when they became aware of it during the course of the cases, that the estate of West Lowell asserted a claim against the estate of Silver Spoon for unpaid rent totaling in excess of $100,000. The trustee asserts that because Messrs. DeBruyckere and O'Brien, who do not practice law together, had previously represented both debtors jointly and separated their engagements at some time after the debtors' chapter 11 cases were commenced, the advent of a substantial claim by one debtor against the other created an actual or potential conflict of interest on the part of each attorney which should have been disclosed as soon as each became aware of it.

At a hearing on these matters on November 1, 2012, Messrs. DeBuyckere and O'Brien, effectively acknowledging many of the grievances raised by the trustees including their knowledge of the rent claim by West Lowell against Silver Spoon, agreed to waive their requests for any compensation or reimbursement of expenses beyond the $4961 in retainers each received, which retainers they claimed were paid not by the debtors but by certain of the debtors' principals. I ordered Messrs. DeBruyckere and O'Brien to file amended Rule 2016(b) disclosures concerning the fees they had been paid and these disclosures are consistent with their representations at the hearing.

I find the fee applications of Messrs. DeBruyckere and O'Brien and their inability to properly disclose the amount and sources of funds received by them prior to filing the bankruptcy

3

petitions for these debtors to be illustrative of their legal work throughout the chapter 11 phase of these cases. They reflect a general lack of familiarity with the requirements of the Bankruptcy Code and Rules and a lack of proficiency with chapter 11 practice and procedure. Their failure to file amended statements of disinterestedness under FRBP 2014 and MLBR 2014-1 as soon as they became aware of the potential conflict between the estates is also disturbing. I do not find, however, that the conduct of the debtors' attorneys was willful or in bad faith.

These circumstances fully justify denying Messrs. Deruyckere and O'Brien any compensation from the debtors' estates and on that basis as well on their falling on their swords at the fee hearing I will order that their fee applications are denied with respect to any compensation from the debtors' estates. As for the retainers received by them from the debtors' principals in the amount of $4961 each, net of the court filing fees, I will not order these funds disgorged as they were not paid by the debtors and further, because even under the most critical and restrictive review of Messrs. DeBruyckere's and O'Brien's legal work, a fee of $4961 for each can be justified, albeit barely.

Separate orders in accordance with my rulings shall issue.

Dated: November 21, 2012

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

4